UNITED STATES DISTRICT COURT
FOR THE WESTERN/ DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

v.

MATTHEW STANSBURY

Case No. 4:16-cr-00376-RK-1
ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of is reduced to . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant has not established an extraordinary or compelling reason for compassionate release under 18 U.S.C. § 3582 (c)(1)(A). Defendant's motion acknowledges his "extensive rehabilitative milestones, financial readiness, and robust support system." The Court acknoweldges the skills and abilities Defendant reports having completed as well as his apparent steps toward rehabilitiation. However, his recognizable rehabilitation as reported, his statutory ineligibility to earn First Step Act credits, nor the BOP's exercise of its vast discretion under 18 U.S.C. § 3624(c) (concerning prerelease custody/home confinement), individually or together, constitute an extraordinary and compelling reason or circumstance to grant compassionate release. See U.S.S.G. § 1B1.13(b); United States v. Urbina-Rodriguez, No. 19-05005-01-CR-W-MDH, 2026 WL 1694817, at *4 (W.D. Mo. June 11, 2026); see also Osorio-Calderon v. Warden, FCI Sandstone, 179 F.4th 1158, (8th Cir. 2026) (recognizing BOP's discretion as to the manner and location of prerelease placement).

Accordingly, Defendant's request for compassionate release is DENIED.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

October 27, 2026

/s/ Roseann A. Ketchmark
UNITED STATES DISTRICT JUDGE